UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASS BAY BREWING COMPANY, INC.<br><br>            Plaintiff,<br>v.<br><br>LOCKET IP LLC<br><br>            Defendant. | Case No.: _____<br><br>JURY TRIAL DEMANDED |

Plaintiff Mass Bay Brewing Company, Inc. ("Mass Bay"), through its undersigned counsel, hereby submits this Complaint for Declaratory Judgment against Defendant Locket IP LLC ("Locket IP") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Mass Bay seeks a declaratory judgment that it does not infringe any claims of U.S. Patent No. 10,514,832 ("'832 Patent"), literally or under the doctrine of equivalents, and that the claims of the '832 Patent are invalid. This action arises from a real and immediate controversy between Mass Bay and Locket IP regarding whether Mass Bay infringes any claims of the '832 Patent.

## PARTIES

2. Mass Bay is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 306 Northern Ave., Boston, MA 02210. Mass Bay is, and at all relevant times was, authorized to transact business in the Commonwealth of Massachusetts.

1

3. Upon information and belief, Defendant Locket IP LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business at 3333 Preston Road, Suite 300 - #1039, Frisco, Texas 75034.

4. Locket IP's registered agent is Incorp Services, Inc., with an address at 815 Brazos Street, Suite 500, Austin, Texas 78701.

5. Upon information and belief, Locket IP is the owner by assignment of all rights, title, and interest in and to the '832 Patent. A true and correct copy of the '832 Patent is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 at least because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. Locket IP is subject to personal jurisdiction in this Court at least because Locket IP engaged in actions in this District that form the basis of Mass Bay's claims and that have created a real, live, immediate and justiciable case or controversy between Mass Bay and Locket IP.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mass Bay's claims occurred in this District.

10. As described in additional detail below, a justiciable controversy exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief.

## FACTUAL BACKGROUND

11. Mass Bay makes and sells beer under the brand name Harpoon Brewery and other brands. Mass Bay is an employee owned company with brewery locations in Boston, MA and Windsor, VT. Mass Bay sells beverages and related products in numerous states within the United States.

12. On November 25, 2022, Locket IP, through its agent IP Edge LLC ("IP Edge"), sent a letter and claim chart (collectively, the "Notice Letter") to Mass Bay's Chief Executive Officer & Co-Founder, Mr. Dan Kenary, at the company's Boston, MA headquarters. A true and correct copy of the Notice Letter is attached hereto as Exhibit B.

13. In the Notice Letter, Locket IP (i) claims to be the owner of the '832 Patent; (ii) accuses Mass Bay of infringement of the '832 Patent; (iii) identifies Mass Bay's website as an allegedly infringing instrumentality; (iv) outlines alleged conduct attributable to Mass Bay and alleges that conduct to be infringing; and (v) provides a claim chart asserting Locket IP's theory of Mass Bay's alleged infringement of the '832 Patent.

14. In the Notice Letter, Locket IP alleges that Mass Bay is infringing the '832 Patent "by making, using, selling and/or offering for sale, as well as instructing [Mass Bay] customers to use" the Mass Bay website.

15. In the Notice Letter, Locket IP specifically identifies Mass Bay's website at https://www.harpoonbrewery.com/ as an accused instrumentality and accuses it of infringing claim 1 of the '832 Patent.

16. In the Notice Letter, Locket IP identifies IP Edge as its "licensing advisor." The Notice Letter is signed by IP Edge's Managing Partner, Mr. Gautham Bodepudi.

17. Locket IP subsequently sent two follow-up notices to Mass Bay by email, on Dec. 9 and Dec. 23, 2022. The December 23 notice referenced a threat of litigation.

18. Upon information and belief, IP Edge and Mr. Bodepudi are associated with several non-practicing entities ("NPEs") that have acquired large numbers of patent properties from companies with the business model of sending infringement letters and filing patent infringement suits against companies. Upon information and belief, these NPEs, including Locket IP, through IP Edge and on their own, often seek quick settlements below the costs of litigation on the merits. Upon information and belief, sending infringement letters and negotiating licensing/settlement agreements is how these NPEs, including Locket IP, generate revenue.

19. Upon information and belief, Mr. Bodepudi and IP Edge are linked with over 230 NPEs. Several entities include, but are not limited to, Sapphire Crossing, LLC, Magnolia Licensing LLC, Sunflower Licensing LLC, Bataan Licensing LLC, Diatek Licensing LLC, Freetek Holdings LLC, Triumph IP LLC, Array IP LLC, , Longbeam Technologies LLC, and Wiesblatt Licensing LLC.

20. True and accurate copies of published articles regarding IP Edge and its entities are attached hereto as Exhibits C and D (the "RPX Articles"). The RPX Article at Exhibit C states, "NPEs added 1,196 defendants to patent litigation campaigns during the first half of 2021, or 7% more than in the first half of the past year (during which NPEs added 1,118 defendants). Most of that increase is due to litigation filed by apparent affiliates of prolific patent monetization firm IP Edge LLC, which were responsible for 307 (or 25.7%) of the defendants added in the first half of this year."

21. Upon information and belief, Magnolia Licensing LLC acquired the '832 Patent, along with other patents, from a company called Thomson Licensing, and then subsequently transferred the '832 Patent to Locket IP. A true and accurate copy of the assignment history for the '832 Patent as retrieved from the Assignment Branch of the United States Patent and Trademark Office is attached hereto as Exhibit E.

22. Upon information and belief, IP Edge and its associated entities filed hundreds of complaints in 2020 alone against over 500 different defendants..

23. Upon information and belief, Locket IP has filed at least the following lawsuits in 2022 asserting the '832 Patent: *Locket IP LLC v. Nordstrom, Inc.,* 6:22-cv-00548 (W.D. Tex. 2022); *Locket IP LLC v. TJX Companies, Inc.,* 6:22-cv-00549 (W.D. Tex. 2022); *Locket IP LLC v. Dollar General Corporation,* 6:22-cv-00550 (W.D. Tex. 2022); *Locket IP LLC v. E-Advance, LLC d/b/a AdvanceAutoParts.com,* 6:22-cv-00551 (W.D. Tex. 2022); *Locket IP LLC v. Office Depot, LLC,* 6:22-cv-00552 (W.D. Tex. 2022); *Locket IP LLC v. Dick's Sporting Goods, Inc.,* 6:22-cv-00713 (W.D. Tex. 2022); *Locket IP LLC v. PetSmart, Inc.,* 6:22-cv-00714 (W.D. Tex. 2022); *Locket IP LLC v. Redfin Corporation,* 6:22-cv00715 (W.D. Tex. 2022); *Locket IP LLC v. Zara USA, Inc.,* 6:22-cv-00716 (W.D. Tex. 2022); *Locket IP LLC v. Fortiline LLC,* 4:22-cv-00920 (E.D. Tex. 2022); *Locket IP LLC v. DriveTime Automotive Group, Inc.,* 4:22-cv-00921 (E.D. Texas); and *Locket IP LLC v. Winsupply, Inc.,* 4:22-cv-01017 (E.D. Texas). Upon information and belief, at least the following declaratory judgment actions have been filed against Locket IP in 2022 in connection with the '832 Patent: *Hawaii Life Real Estate Services, LLC v. Locket IP, LLC,* 1:22-cv-00080 (D. Haw. 2022); *Bungalow Living, Inc. v. Locket IP LLC,* 3:22-cv-04110 (N.D. Cal. 2022); *iFixit Corporation v. Locket IP LLC,* 2:22-cv-05731 (C.D. Cal. 2022); *Local Gear Inc. d/b/a locally.com v. Locket IP LLC,* 2:22-cv-06995 (C.D. Cal. 2022); *Union Tank Car Company*

*v. Locket IP LLC*, 1:22-cv-016131 (N.D. IL 2022); and *Viega LLC v. Locket IP LLC*, 3:22-cv-07008 (N.D. Cal. 2022). Mass Bay, therefore, has a reasonable apprehension of attempted enforcement of the '832 Patent against it.

24. Upon information and belief, IP Edge's and Locket IP's purpose in acquiring the '832 Patent along with the other patents was, and is, to assert these patents against companies such as Mass Bay to impair their ability to do business unless they pay licensing sums in response to Locket IP's predatory and baseless practices.

25. Upon information and belief, Locket IP offers no products or services aside from its enforcement and licensing of patents, including the '832 Patent, and it exists solely for that purpose.

26. Mass Bay and Locket IP have a clear conflict of asserted rights against one another, and an actual controversy exists between Mass Bay and Locket IP with respect to the '832 Patent.

27. As a result of Locket IP's actions, Mass Bay has a reasonable apprehension of suit and enforcement of the '832 Patent against it. Therefore, Mass Bay files this action in order to resolve an actual and justiciable controversy between itself and Locket IP.

## **THE '832 PATENT**

28. The claims of the '832 Patent are directed to the previously known and abstract idea of accessing and searching a database of known television program display cards.

29. According to the Abstract of the '832 Patent, the purported invention is directed to "a user interface that displays a number of cards or windows," that allows a user to "implement a command where the user interface will automatically change the position of the displayed cards to show regions of interest which are the parts of the cards that a user may have interest in," removing

"cards which do not have regions of interest," and replacing them "with new cards that do have regions of interest." This is nothing more than a routine method of using a television guide to filter and sort out programming based on user preferences.

30. Upon information and belief, the abstract idea claimed by the '832 Patent is known, and has been known and used in the prior art.

## COUNT I

**(Declaration of Non-Infringement of U.S. Pat. No. 10,514,832)**

31. Mass Bay incorporates and realleges each allegation in paragraphs 1 through 30, above, as though fully set forth herein.

32. There is an actual and justiciable controversy between Mass Bay and Locket IP concerning non-infringement of the '832 Patent.

33. Mass Bay has not directly or indirectly infringed, and does not directly or indirectly infringe, any claim of the '832 Patent, either literally or under the doctrine of equivalents.

34. The Mass Bay website does not infringe claim 1 of the '832 Patent either literally or under the doctrine of equivalents because it does not include at least the following claim limitations: "determining, in response to a user command, regions of interest within each of a plurality of cards by searching information indicating previous user preferences;" "updating for display the plurality of cards to visibly show in a display area of a display device the at least one region of interest of multiple cards included in a first group of the plurality of cards;" and/or "wherein said updating includes repositioning the plurality of cards to remove cards not included in the first group from the display area and to visibly display the at least one region of interest

within all of the multiple cards included in the first group within the display area of the display device."

35. Mass Bay does not directly infringe claim 1 of the '832 Patent because it does not perform each and every element of claim 1, for at least the reasons set forth above.

36. Mass Bay does not actively induce its customers to infringe claim 1 of the '832 Patent for at least the reasons stated above.

37. Mass Bay does not actively contribute to its customers' infringement of claim 1 of the '832 Patent for at least the reasons stated above.

38. Mass Bay does not indirectly infringe claim 1 of the '832 Patent for at least the reasons stated above and also because it has a good faith belief that claim 1 is invalid and not infringed.

39. Mass Bay does not indirectly infringe claim 1 of the '832 Patent at least because there is no underlying direct infringement of claim 1 of the '832 Patent by its customers.

40. Mass Bay is entitled to a declaratory judgment that it does not directly or indirectly infringe any claims of the '832 Patent, either literally or under the doctrine of equivalents.

## COUNT II

### (Declaration of Invalidity of U.S. Pat. No. 10,514,832)

41. Mass Bay incorporates and realleges each allegation in paragraphs 1 through 40, above, as though fully set forth herein.

42. There is an actual and justiciable controversy between Mass Bay and Locket IP concerning the invalidity of the claims of the '832 Patent.

43. The claims of the '832 Patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

44. The claims of the '832 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclosed each claim element of the '832 Patent prior to the effective filing date of the '832 Patent. For example, the claims are anticipated by at least U.S. Patent Publication No. 2012/0054794 A1 ("Kim"), U.S. Patent Publication No. 2012/0147055 A1 ("Pallakoff"), U.S. Patent Publication No. 2009/0259958 A1 ("Ban"), U.S. Patent Publication No. 2008/0122796 A1 ("Jobs"), and International Publication No. WO 2011/011120 A2 ("Shiplacoff"), each of which discloses each and every element of claim 1 and the other claims of the '832 Patent. To the extent the claims are not anticipated by any one of the references, the claims would have been obvious over Kim to a person of ordinary skill in the art, or in the alternative, over any one of Pallakoff, Ban, Jobs, or Shiplacoff in view of Kim.

45. The claims of the '832 Patent are also invalid for failing to comply with the requirements of 35 U.S.C. § 112(a) and (b). For example, claim 1 is indefinite under Section 112(a) and fails to meet the written description requirement under Section 112(b) because the limitation "the at least one region of interest of multiple cards" has no antecedent basis and is vague and ambiguous.

46. The claims of the '832 Patent are also invalid under 35 U.S.C. § 101. For example, the claims of the '832 Patent are directed to the abstract idea of selecting, sorting, and displaying television program information by user interest, and the claims do not contain an inventive concept sufficient to transform that abstract idea into patent-eligible subject matter.

47. For at least the foregoing reasons, the '832 Patent should not have been issued by the United State Patent and Trademark Office.

48. Mass Bay is entitled to a declaratory judgment that the claims of the '832 Patent, including claim 1, are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, Mass Bay requests that this Court enter a final judgment in its favor and against Locket IP as follows:

A. Declare that Mass Bay has not infringed and does not infringe any of the claims of the '832 Patent;

B. Declare that all claims of the '832 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b);

C. Enter judgment in favor of Mass Bay on each of Mass Bay's claims;

D. Declare that this in an exceptional case under 35 U.S.C. § 285 and award Mass Bay its reasonable attorneys' fees, costs, and expenses; and

E. Award Mass Bay such other relief as the Court deem just and proper.

## DEMAND FOR JURY TRIAL

Mass Bay hereby demands a trial by jury of all issues so triable.

Dated: January 6, 2023

**DOWNS RACHLIN MARTIN, PLLC**

By: /Walter E. Judge/
Walter E. Judge (BBO #556650)
199 Main Street, P.O. Box 190
Burlington, VT 05402-0190
Telephone: (802) 846-8326
wjudge@drm.com
*Attorney for Plaintiff Mass Bay Brewing Company, Inc.*

21799504.1